**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO:**

TARIQUE STANLEY, and
all others similarly situated under
*29 U.S.C. § 216(b),*

    Plaintiff(s),

v.

SHOW TECHNOLOGY, INC. a
Florida corporation, and JOE
LOUISSAINT, individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, TARIQUE STANLEY ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files his Complaint against Defendants, SHOW TECHNOLOGY, INC. ("STI"), and JOE LOUISSAINT ("LOUISSAINT") individually (collectively referred to hereinafter as "Defendants"), on behalf of himself, and all others similarly situated, and alleges:

### INTRODUCTION

1. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to seek redress of Defendants' violations of the FLSA against this Plaintiff, and all other employees similarly situated, during the course of their employment.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. Defendant, STI, is a Florida corporation, founded in 2000, and authorized to do business in the State of Florida, with a principal place of business at 353 North Seaboard Road, North Miami Beach, Florida, 33169, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Defendant, LOUISSAINT, was over the age of 18 years, President, owner, and operator of STI, and was vested with the authority to hire, fire, and discipline, any and all STI employees, including Plaintiff. Furthermore, during all times material hereto, Defendant, LOUISSAINT, determined, approved, and administered the payroll practices for STI, including the issuance of paychecks for Plaintiff and all similarly situated employees.

5. Defendant, STI, was Plaintiff's joint employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein. STI supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

6. Defendant, LOUISSAINT, was Plaintiff's joint employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein. LOUISSAINT supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

7. During all times pertinent hereto, Plaintiff was dependent upon Defendants, STI and LOUISSAINT, for his employment, as these Defendants collectively supervised, directed, and controlled Plaintiff's day-to-day responsibilities, and used Plaintiff's work in furtherance of their business objectives.

## JURISDICTION AND VENUE

8. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

9. Jurisdiction is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

11. Defendant, STI, operates in the information/technology field and specializes in audio/visual production, and in preparing custom audio/visual presentations, and was founded by Defendant, LOUISSAINT.

### FLSA Coverage

12. During all times material hereto, STI was covered under the FLSA through enterprise coverage, as STI was engaged in interstate commerce during all time periods in which Plaintiff, and all similarly situated individuals, were employed. More specifically, during all times material hereto, STI employed at least two (2) or more employees who regularly handled goods and/or materials on a constant and/or continuous basis that traveled across state lines, including, but not limited to the following: cellular telephones, computer equipment, television equipment, electronic monitors, paper goods, office supplies, pens, office chairs, printers, and other office materials.

13. Plaintiff's work for all Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regularly and recurrently used the

instrumentalities of interstate commerce. More specifically, Plaintiff regularly performed functions with clients across state lines utilizing telephones, computers, machinery, materials, and supplies.

14. Upon information and belief, Defendant, STI, grossed or did business in excess of $500,000.00 during the years of 2015, 2016, 2017, and on information and belief, is expected to gross in excess of $500,000.00 in 2018.

### Plaintiff's Work for Defendants

15. On or about February 1, 2015, Plaintiff began working for Defendants as a non-exempt employee and assisted in arranging audio/visual presentations including the programming, preparation, and assembly and disassembly of custom audio/visual presentations.[1]

16. Plaintiff continued his employment with Defendants until on or about February 15, 2016.

17. During Plaintiff's employment, Defendants compensated Plaintiff at a rate of $45,000.00 annually that was intended to cover the first forty (40) hours of work per week.

18. This salary yields a regular hourly rate of $21.63 per hour for the first forty (40) hours worked each week.

19. Defendants failed to compensate Plaintiff, and all others similarly situated, for any hours ever worked in excess of forty (40) per week.

20. The wage violations committed by Defendants were willful and/or intentional and therefore trigger the three (3) year statute of limitations as opposed to the two (2) year statute of limitations.

---

[1] Defendants are alleged to have intentionally and/or willfully violated the FLSA. Accordingly, the statute of limitations is three (3) years and therefore the relevant work period in this case is thirty (30) weeks - July 23, 2015 through February 15, 2016.

4

21. Defendants intentionally and/or willfully failed to ever pay Plaintiff at the statutorily proscribed overtime rate of time-and-one-half for hours worked in excess of forty (40) per week.

22. Under the FLSA, Plaintiff should have been compensated at an overtime rate of $32.45 for every hour worked in excess of forty (40) per week.

23. During all times pertinent to Plaintiff's employment, Defendants assigned Plaintiff, and all others similarly situated, to work over seventy (70) hours per week.

24. Accordingly, Plaintiff is entitled to recover thirty (30) hours of overtime at the rate of $32.45 per hour for a thirty (30) week period of time under the appropriate three (3) year statute of limitations for willful violations of the FLSA.

25. Based upon the Defendants' failure to properly compensate Plaintiff at the statutorily proscribed overtime rate, Plaintiff is entitled to recovery in the amount of **$29,205.00**.

26. However, Defendants' violations were intentional and/or willful, and Plaintiff is therefore entitled to recover an additional amount of unliquidated damages in the amount of **$29,205.00**.

27. On information and belief, Defendants failed to properly maintain records of hours actually worked by Plaintiff, and other similarly situated employees.

28. Defendants, STI and LOUISSAINT, hired Plaintiff, to work and are jointly and severally liable for the FLSA violations alleged herein.

29. Plaintiff is not otherwise exempt from FLSA coverage.

30. As a result of the intentional and willful conduct alleged herein, Plaintiff has been required to retain the undersigned law firm and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims under the FLSA.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
**(Against All Defendants)**

31. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 30, as though set forth fully herein.

32. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b).

33. Plaintiff is entitled to: (i) time-and-a-half overtime wages; and (ii) liquidated damages pursuant to the FLSA.

34. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to *29 U.S.C. § 216(b)*.

WHEREFORE, Plaintiff, TARIQUE STANLEY, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, SHOW TECHNOLOGY, INC., and JOE LOUISSAINT, and award Plaintiff: (a) double damages for overtime pay under the Fair Labor Standards Act to be paid by the Defendants, jointly and severally; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff, TARIQUE STANLEY, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 23rd day of July, 2018.**

                      Respectfully Submitted,

                      **Jordan Richards, PLLC**
                      401 East Las Olas Blvd.
                      Suite 1400
                      Fort Lauderdale, Florida 33301
                      Ph: (954) 871-0050
                      *Counsel for Plaintiff, Tarique Stanley*

                      By: */s/ Jordan Richards*
                      JORDAN RICHARDS, ESQUIRE
                      Florida Bar No. 108372
                      *Jordan@jordanrichardspllc.com*
                      *livia@jordanrichardspllc.com*
                      *jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 23rd of July, 2018.

                      By: */s/ Jordan Richards*
                      JORDAN RICHARDS, ESQUIRE
                      Florida Bar No. 108372

## SERVICE LIST: